# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| LANDER ENTERPISES, LLC<br>*Plaintiff,*<br><br>v.<br><br>ECOM CONCEPT, LLC<br>*Defendant,* | AUGUST 9, 2024 |

## COMPLAINT FOR PATENT INFRINGEMENT

1.      The Plaintiff, Lander Enterprises, LLC bring this lawsuit against Defendant, Sonic-Brush, for, *inter alia*, patent infringement under 35 U.S.C. §1 *et seq.*, trade dress infringement and dilution, pursuant to 15 U.S.C. §1125(a).

## THE PARTIES

2.      The plaintiff, Lander Enterprises, LLC, is a limited liability company formed under the laws of Connecticut with a principal place of business located in Norwalk, CT.

3.      The defendant, Ecom Concept, LLC ("ECOM"), is a Polish limited liability company organized and existing under the laws of the Poland with a principal place of business located Karmelicka 5 / 5, 31-133 Krakow, Poland.  The defendant, manufactures, distributes, uses, sells and/or offers to sell certain products throughout the United States, including this jurisdiction, through websites it owns and/or controls, described in more detail hereinafter.

## JURISDICTION AND VENUE

4.      This court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1332, and 1338(a).

5.      This court has supplemental jurisdiction under 28 U.S.C. §1367(a) to hear and adjudicate state law claims.

6.      This court has personal jurisdiction over the Defendant for the following reasons which will be described further herein: (A) Defendant has have established minimum contacts with this forum such that the exercise of jurisdiction over them would not offend traditional notions of fair play and substantial justice; (B) Defendant has made, used, sold, offered for sale, and/or imported their infringing products and placed such infringing products in the stream of interstate commerce with the expectation that such infringing products would be used, distributed, sold and/or offered for sale within Connecticut.

7.      Venue is proper under 28 U.S.C. §1391 and § 1400(b) as the Plaintiff is a resident of this judicial district, and because a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

## FACTS COMMON TO ALL COUNTS

8.      The Plaintiff is the owner of the trademark: Autobrush® bearing Registration No. 5,859,068. Widespread use of the Autobrush® trademark has been made to the extent it has acquired extensive reputation and goodwill.

9.     Plaintiff has been manufacturing and selling products under its Autobrush® brand which embody certain elements that are protected by the patents owned by the Plaintiff, which are described with more particularity below.

10.     Plaintiff has invested significant resources in the development and marketing of its products with these patented elements, and a result, have become well-known and associated with Plaintiff's Autobrush® brand. Plaintiff's advertising library is accessible at the autobrush Facebook Ad Library.

11.     Plaintiff's Autobrush® brand has received widespread recognition and positive reviews from industry experts and customers alike, further solidifying the distinctiveness and value of its patented design. Below are links to published studies proving the clinical efficacy of Plaintiff's product:

- Study 1: autobrush 360 Plaque and Gingivitis Evaluation
- Study 2: Clinical Evaluation of U-Shaped Sonic Toothbrush
- Study 3: Plaque Removal Efficacy of an Innovative U-Shaped Sonic Toothbrush

### I.     FACTS PERTAINING TO U.S. PATENT NO. D887,146S

12.     On June 16, 2020, the USPTO legally issued U.S. Design Patent No, D887,146S, to the Plaintiff, which covers a "ornamental design for a child's automatic toothbrush," (the "146 Patent"). A true and correct copy of the 146 Patent is attached hereto as **Exhibit A.**

13.     The Plaintiff currently owns all rights and title in and to the 146 Patent including all rights to sue for all infringement thereof, including past infringement.

14.    **Figure 1** below, shows examples of the Plaintiff's 146 Patent being marketed and sold as "Autobrush® for Kids" ("Plaintiff's 146 Patent Goods").

**Figure 1**



15.    The diagram below illustrates the difference between the regular adult model of the Autobrush® (**Figure 2A**) and the "Autobrush® for Kids" which incorporates Plaintiff's 146 Patent (**Figure 2B**).

| Figure 2A | Figure 2B |
|---|---|
| Autobrush® V3 | Autobrush® for Kids |
|  |  |

16.    Plaintiff's 146 Patent Goods have gained significant commercial success and recognition and the ornamental design covered by the 146 Patent is a key component of the products.

17.    Upon information and belief, the Defendant manufactures, distributes, uses, sells and/or offers to sell or import into the United States certain products that embody Plaintiff's 146 Patent (the "Infringing 146 Products"). These include at least the following: "SonicBrush Kids," "SonicGlow Kids Brush," "SaniWhite Kids," "Ortho Sparkle Kids," and "SensePro Kids Toothbrush."

18.    The Defendant makes the Infringing 146 Products available throughout the United States, including this district, through websites the Defendant owns and/or controls, including but limited to, "www.sonic-brush.net;" "www.sonicglow-toothbrush.com;" "www.sani-

white.com;" www.ortho-sparkle.com; "www.trysonicbrush.com," and "www.sensepro-toothbrush.com" (Collectively the "Infringing Websites").

19.    Upon information and belief, the Defendant owns and/or controls all of the Infringing Websites and makes the Infringing Products available for sale therethrough.

20.    For example, **Figure 3**, below shows the Defendant offering an Infringing 146 Product, "SonicBrush Kids," for sale on its Infringing Website at the following URL: https://sonic-brush.net/products/sonic-brush%C2%AE-kids

**Figure 3**



21.    On information and belief, the Defendant ships, and causes to be shipped, the Infringing 146 Products, made available for sale on the Infringing Websites, from the "ECOM

Warehouse" at 2243 S. Throop St. Chicago, IL 60608 to locations throughout the United States, including this district.[1] **Figure 4** below is a screen capture of Defendant's Infringing Website which shows the Defendant's answer to a "Frequently Asked Question" concerning where the Infringing 146 Products are shipped from.

**Figure 4**



22.     **Figure 5A**, shown below, is a front perspective view of the Plaintiff's 146 Patent, a child's automatic toothbrush having ornamental ears with brushing bristles show in broken lines.

23.     **Figure 5B**, shown below, is a front perspective view of the Plaintiff's 146 Patent Goods--Autobrush® for Kids V3--a child's automatic toothbrush, having ornamental ears.

---

[1]     https://trysonicbrush.com/products/sonic-brush-collection

24.  **Figure 5C**, shown below, a front perspective view of the Defendant's Infringing
146 Product, containing a child's automatic toothbrush having ornamental ears.

| Figure 5A<br>*Plaintiff's 146 Patent* | Figure 5B<br>*Plaintiff's 146 Patent Goods* | Figure 5C<br>*Defendant's Infringing 146 Product* |
|---|---|---|
|  |  |  |

25.  In the eye of an ordinary observer familiar with the relevant information, giving such
attention as a purchaser usually gives, the claimed design of Plaintiff's 146 Patent and
Defendant's Infringing 146 Products are substantially the same, such that the ordinary observer
would be deceived into believing that the design of the Defendants' Infringing Products are the
same design as Plaintiff's 146 Patent. The Defendant's Infringing 146 Products directly
appropriate the distinct ornamental ears identified in the claimed design of Plaintiff's 146
Patent.

26.    The Defendants received written notice of the Plaintiff's infringement claims alleged herein from undersigned counsel no later than April 5, 2024.

## II.        FACTS PERTAININT TO U.S. PATENT NO. D958,544

27.    On 12 26, 2022, the USPTO legally issued U.S. Design Patent No. D958,544, to the Plaintiff, entitled "Double-Sided Toothbrush Head," (the "544 Patent"). A true and correct copy of the 544 Patent is attached hereto as **Exhibit B**

28.    **Figure 6** below, shows an example of Plaintiff's 544 Patent being marketed and sold as "Autobrush Silicone Brush Head" ("Plaintiff's 544 Goods").

**Figure 6**

29.     The diagram below illustrates Plaintiff's 544 Patent (**Figure 7A)** which is utilized in the Autobrush® Silicone Brush Head which incorporates Plaintiff's 544 Patent (**Figure 7B**).

| **Figure 7A**<br>Asserted Patent 544 | **Figure 7B**<br>Autobrush® Silicone Brush Head |
| --- | --- |
|  |  |

30.     Plaintiff's 544 Patent Goods have gained significant commercial success and recognition and the protect elements of Plaintiff's 544 Patent is a key component of the products.

31.     Upon information and belief, the Defendant manufactures, distributes, uses, sells and/or offer to sell or import into the United States certain products that embody Plaintiff's 544 Patent (the "Infringing 544 Products"). These include, at least, the "Sonic Brush V5"," "Sonic Brush Kids" ""Sonic Brush Mouthpiece," "SonicGlow Brush," "SonicGlow Kids Brush," "SonicGlow Mouthpiece," "SaniWhite V2," "SaniWhite Kids," "SaniWhite Mouthpiece," "Ortho Sparkle V2," "Ortho Sparkle Kids," "Ortho Sparkle Mouthpiece," "SensePro," "SensePro Kids Toothbrush,"; and "SensePro Mouthpiece".

32.     The Defendant makes such products available throughout the United States, including this district, through websites the Defendant owns and/or controls identified as the "Infringing Websites" in Paragraph 18 above.

33.     For example, **Figure 8**, below shows defendant offering the Infringing 544 Product for sale as the "Sonic Brush V5," on its Infringing Website at the following URL: https://sonic-brush.net/products/sonic-brush

**Figure 8**



34.    **Figure 9** below depicts a side-by-side comparison of Plaintiff's 544 Patent design and Defendant's Infringing 544 Product, which highlights the identical shape, bristle arrangement, and structural design.

**Figure 9**



| Plaintiff's 544 Patent *Front View* | Defendant's Infringing 544 Product *Sonic Brush V5* |
|---|---|

35.    On information and belief, the Defendant ships, and causes to be shipped, the Infringing 544 Products made available for sale on the Infringing Websites from the "ECOM Warehouse" at 2243 S. Throop St. Chicago, IL 60608 to locations throughout the United States, and this district.

36.  **Figure 10A**, shown below, is a front perspective view of the Plaintiff's 544 Patent, a double sided toothbrush head.

37.  **Figure 10B**, shown below, is a front perspective view of the Plaintiff's 544 Patent Goods--Autobrush® V3-- utilizing the Plaintiff's 544 Patent.

38.  **Figure 10C**, shown below, a front perspective view of the Defendant's Infringing 544 Product, which infringes upon Plaintiff's 544 Patent.

| **Figure 10A**<br>*Plaintiff's 544 Patent* | **Figure 10B**<br>*Plaintiff's 544 Patent Goods* | **Figure 10C**<br>*Defendant's 544 Infringing Product* |
|---|---|---|
|  |  |  |

39.     In the eye of an ordinary observer familiar with the relevant information, giving such attention as a purchaser usually gives, the claimed design of Plaintiff's 544 Patent and Defendant's Infringing 544 Products are substantially the same, such that the ordinary observer would be deceived into believing that the design of the Defendant's Infringing 544 Product is the same design as Plaintiff's 544 Patent. The Defendant's Infringing 544 Products directly appropriate the distinct ornamental ears identified in the claimed design of Plaintiff's 544 Patent.

40.     The Defendant received written notice of the Plaintiff's infringement claims alleged herein from undersigned counsel no later than April 5, 2024.

### III.        FACTS PERTIANIN TO U.S. PATENT NO. D983,530

41.     On April 18, 2023, USPTO legally issued U.S. Design Patent No. D983,530, entitled "Double-Sided Toothbrush Head," to the Plaintiff (the "530 Patent"). A true and correct copy of the 530 Patent is attached hereto as **Exhibit C.**

42.     The diagram below illustrates Plaintiff's 530 Patent - a rounded, double sided toothbrush head – (**Figure 11A**) which is utilized in the Autobrush® Sonic Pro. (**Figure 11B**).

| Figure 11A<br>Plaintiff's 530 Patent | Figure 11B<br>Autobrush® Sonic Pro |
|---|---|
|  | |

43.     **Figure 12** below, shows examples of Plaintiff's 530 Patent being sold as "Autobrush Sonic Pro Kids" ("Plaintiff's 530 Patent Goods").

**Figure 12**



44.    Plaintiff's 530 Patent Goods have gained significant commercial success and recognition and the protected elements covered by the 530 Patent is a key component of the product.

45.    Upon information and belief, the Defendant, manufactures, distributes, uses, sells and/or offer to sell or import into the United States certain products that embody Plaintiff's 530 Patent (the "Infringing 530 Products"). These include at least the following: "Sonic Brush Kids," "SonicGlow Kids Brush," "SaniWhite Kids," "Ortho Sparkle Kids,"; and "SensePro Kids Toothbrush".

46.    The Defendant makes the Infringing 530 Products available throughout the United States, including this district, through websites the Defendant owns and/or controls and which are identified as the "Infringing Websites" in Paragraph 18 above.

47.    For example, **Figure 13**, below shows the Defendant offering the Infringing 530 Products for sale as the "SonicBrush Kids" on the Infringing Websites at the following URL: https://sonic-brush.net/products/sonic-brush%C2%AE-kids

**Figure 13**



48.     On information and belief, the Defendant ships, and causes to be shipped, the Infringing 530 Products, made available for sale on the Infringing Websites, from the "ECOM Warehouse" at 2243 S. Throop St. Chicago, IL 60608 to locations throughout the United States, and this district.[2]

49.     **Figure 14A**, shown below, is a front perspective view of the Plaintiff's 530 Patent, a rounded, double sided toothbrush head.

---

[2]     https://trysonicbrush.com/products/sonic-brush-collection

50.    **Figure 14B**, shown below, is a front perspective view of the Plaintiff's 530 Goods utilizing the Plaintiff's 530 Patent,

51.    **Figure 14C**, shown below, a front perspective view of the Defendant's Infringing 530 Product, "Sonic Brush Kids", that features a rounded, double sided toothbrush head, which infringes upon Plaintiff's 530 Patent.

| **Figure 14A**<br>*Plaintiff's 530 Patent* | **Figure 14B**<br>*Plaintiff's 530 Patent Goods* | **Figure 14C**<br>*Defendant's Infringing 530 Product* |
|---|---|---|
|  |  |  |

52.    **Figure 15** below depicts a side-by-side comparison of Plaintiff's patented 530 design utilized on the Plaintiff's 530 Goods, "Autobrush for Kids," and Defendant's 530 Infringing Product, "Sonic Brush Kids", which highlights the identical rounded shape, bristle arrangement, and structural design. **Figure 15** clearly demonstrating the substantial similarities between the two designs.

**Figure 15**

| Plaintiff's Autobrush for Kids | Defendant's Infringing 530 Product |
|---|---|



53.     In the eye of an ordinary observer familiar with the relevant information, giving such attention as a purchaser usually gives, the claimed design of Plaintiff's 530 Patent Goods and Defendants' Infringing 530 Products are substantially the same, such that the ordinary observer would be deceived into believing that the design of the Defendants' Infringing 530 Product is the same design as Plaintiff's 530 Patent. The Defendant's 530 Infringing products directly appropriate the distinct rounded, double sided toothbrush head identified in the claimed design of 530 Patent.

54.     The Defendants received written notice of the Plaintiff's infringement claims alleged herein from undersigned counsel no later than April 5, 2024.

## IV.     STATEMENT OF CLAIMS

**COUNT ONE: Patent Infringement as to Plaintiff's 146 Patent**

1- 39.     Paragraphs 1 through 39 are hereby re-alleged as Paragraphs 1 through 39 of Count One.

40.     On information and belief, the Defendant have directly infringed and continue to infringe Plaintiff's 146 patent under 35 U.S.C. §271.

41.     As result of the Defendant's infringement of Plaintiff's Asserted Patent, the Plaintiff has been irreparably injured and unless such infringing acts are enjoined by this court, the Plaintiff will continue to suffer damages.

**COUNT TWO: Trade Dress Infringement as to Plaintiff's 146 Patent**

1-41.     Paragraphs 1 through 41 of Count One are hereby re-alleged herein as Paragraphs 1 through 41 of Count Two.

42.     The Plaintiff is the owner of all right and title to the distinctive trade dress embodied in the Plaintiff's "Autobrush for Kids" products utilizing the 146 Patent described above.

43.     Through extensive and consistent advertising, promotion, and sales throughout the United States, the Plaintiff's claimed trade dress has acquired distinctiveness and enjoys secondary meaning among consumers, identifying Plaintiff as the source of these products.

44.     Plaintiff's extensive advertising, promotion and sales of products with the distinctive trade dress has resulted in Plaintiff's Products acquisition of valuable, legally protected rights in the claimed Trade Dress, as well as considerable consumer goodwill.

45.     The Defendant's Infringing Products misappropriated the Plaintiff's Trade Dress by copying one or more elements of said Trade Dress.

46.     The Defendant's manufacture, promotion, and distribution of the Infringing Product with a design that copies one or more elements of the Plaintiff's trade dress is likely to cause confusion, mistake, or deceive the consumer as to the affiliation, connection or association of Defendant's infringing Product with Plaintiff, or to the origin, sponsorship, or approval by Plaintiff of Defendant's goods.

47.     Defendant's manufacture, promotion, and distribution of the Infringing Products, with a design that copies a combination of one or more elements of the Plaintiff's trade dress enables the Defendant to benefit unfairly from Plaintiff's reputation and success.

48.     Defendant's actions constitute false designation of origin violation of 15 U.S.C. §1125(a).

49.     Defendant knew of Plaintiff's Trade dress when it designed, produced, marketed, and sold the Infringement Product.

50.     Defendant's infringement has been, and continues to be intentional, willful and without regard to Plaintiff's Trade Dress.

51.     Defendant has been and will continue to be irreparably harmed and damaged by the Defendants conduct and the Defendant lacks an adequate remedy at law to compensate for this harm.

52.     As result of the Defendant's infringement, the Plaintiff has been irreparably injured and unless such infringing acts are enjoined by this court, the Plaintiff will continue to suffer damages.

53.     The Plaintiff has suffered, and continues to suffer economic damages, as a consequence of the Defendants actions.

**<u>COUNT THREE</u>: Trade Dress Dilution as to Plaintiff's 146 Patent**

1-53.     Paragraphs 1 through 53 of Count Two are hereby re-alleged as Paragraphs 1 through 53 of Count Three.

54.     As alleged above, Plaintiff's trade Dress has acquired distinctiveness in the minds of consumers and has become famous.

55.     The Defendant has misappropriated the Plaintiff's Trade Dress and used in conjunction with the sale of the Infringing Products.

56.     The Defendant has used Plaintiff's Trade Dress in a manner that dilutes and is likely to dilute the distinctiveness of the Plaintiff's Trade Dress by: (i) Diminishing the public's association of the exclusivity of the Plaintiff's Trade Dress with the Plaintiff; and (ii)

Diminishing the status of the Plaintiff's Trade Dress as a unique identifier of the Plaintiff's brand.

57.    Defendants' action constitutes dilution in violation of 15 U.S.C. §1125(c).

58.    The Plaintiff has suffered, and continues to suffer economic damages, as a consequence of the Defendant's actions.


**COUNT FOUR: Patent Infringement as to Plaintiff's 544 Patent**

1- 11.    Paragraphs 1 through 11 are hereby re-alleged herein as Paragraphs 1 through 11 of Count Four.

12-25.    Paragraphs 26 through 39 (pertaining to Plaintiff's 544 Patent) are hereby re-alleged herein as Paragraphs 12 thought 25 of Count Four.

26.    On information and belief, the Defendants have directly infringed and continue to infringe Plaintiff's 544 patent under 35 U.S.C. §271.

27.    As result of the Defendant's infringement of Plaintiff's Asserted 544 Patent, the Plaintiff has been irreparably injured and unless such infringing acts are enjoined by this court, the Plaintiff will continue to suffer damages.


**COUNT FIVE: Patent Infringement as to Plaintiff's 530 Patent**

1- 11.    Paragraphs 1 through 11 are hereby re-alleged herein as Paragraphs 1 through 11 of Count Five.

12-26.    Paragraphs 40 through 53 (pertaining to Plaintiff's 530 Patent) are hereby re-alleged herein as Paragraphs 12 thought 26 of Count Five.

27.    On information and belief, the Defendant has directly infringed and continue to infringe Plaintiff's 530 patent under 35 U.S.C. §271.

28.    As result of the Defendant's infringement of Plaintiff's Asserted 530 Patent, the Plaintiff has been irreparably injured and unless such infringing acts are enjoined by this court, the Plaintiff will continue to suffer damages.

**COUNT SIX: Unjust Enrichment**

1-53.    Paragraphs 1 through 53 are hereby re-alleged herein as Paragraphs 1 through 53 of Count Six.

54.    Defendant's sales of the Infringing Products have unjustly enriched the Defendant at the expense and detriment of the Plaintiff.

55.    The Plaintiff has suffered, and continues to suffer economic damages, as a consequence of the Defendant's actions.

## V.  <u>**DEMAND FOR RELIEF**</u>

WHEREFORE, PLAINTIFF DEMANDS THE FOLLOWING RELIEF:

1.      A judgment declaring that the Defendant has infringed and is infringing the Plaintiff's Asserted Patents 146, 544, and 530;

2.      An order enjoining Defendant and all persons and entities acting in concert with the Defendant from: infringing the Plaintiff's Asserted Patents; infringing the Plaintiff's trade dress, or using any other product design similar to or likely to cause confusion with the Plaintiff's trade dress; using any false designation of origin or false description, that can, or is likely to, lead the consuming public, or individual members thereof, to believe that any goods produced, advertised, promoted, marketed, provided, or sold by Defendant are in any manner associated or connected with Plaintiff, or are advertised, promoted, marketed, sold, licensed, sponsored, approved or authorized by Plaintiff; committing any other unfair business practices directed toward obtaining for themselves the business and customers of Plaintiff; and committing any other unfair business practices directed toward devaluing or diminishing Plaintiff's brand or business;

3.      An accounting of Defendant's profits as provided for in 15 U.S.C. § 1117;

4.      A judgement trebling any damages award as provided for in 15 U.S.C. §1117;

5.      An order pursuant to 15 U.S.C. § 1118 requiring that all materials infringing upon the Plaintiff's trade dress to be delivered up and destroyed, and requiring Defendant to

withdraw from the market all infringing products and advertising and promotional material displaying the Infringing Products;

6.      Monetary Damages;

7.      Attorney's Fees pursuant to 35 U.S.C. §284 and/or C.G.S §42-110a, *et seq*;

8.      Punitive Damages pursuant to 35 U.S.C. §284 and/or C.G.S. §42-110a, *et seq*;

9.      Costs;

10.      Grant such other and further relief as this Court deems proper under the circumstances.


Dated on August 9, 2024


                              Respectfully Submitted for
                              Lander Enterprises, LLC


                              _____/s/_____
                              Matthew S. Carlone, Its Attorney
                              Fed. Bar No. CT29094, Juris No. 432761
                              81 Wolcott Hill Road
                              Wethersfield, CT 06109
                              (860) 563-9494 – Phone
                              (860) 563-6088 – Fax
                              MCarlone@Terkcarlone.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 9, 2024, a copy of the foregoing Complaint was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

_____/s/_____
Matthew S. Carlone, Its attorney
Fed. Bar No. CT29094, Juris No. 432761
81 Wolcott Hill Road
Wethersfield, CT 06109
(860) 563-9494 – Phone
(860) 563-6088 – Fax
terkcarlone@gmail.com